UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA



| | |
|---|---|
| Charlie Bells, # 263336, | ) C/A No. 9:06-2518-RBH-GCK |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Kirkland Correctional Institution; and Kirkland Dentist Office & Staff, | ) |
| Defendants. | ) |

# Background of this Case



The plaintiff is an inmate at the Lee Correctional Institution of the South Carolina Department of Corrections. The plaintiff has submitted a civil rights complaint on the court-approved Section 1983 form against the Kirkland Correctional Institution and the "dentist office and staff" at the Kirkland Correctional Institution. The above-captioned case is the plaintiff's second case filed in the United States District Court for the District of South Carolina.

The "STATEMENT OF CLAIM" portion of the § 1983 complaint reveals that this civil rights action arises out of dental care provided to the plaintiff at the Kirkland Correctional Institution in May of 2006. The plaintiff writes:

> On, 05-  -06, I went to Kirkland Institution dental office to have a tooth removed, the dentist said it had to be removed by way of operation. This leaving a big hole in my gum, this tooth was a "Molar tooth" it left a big hole. There was no stitching to close this hole, & I was told by both Kirkland I. C. & Lee C. I. Dental office it would close by itself. There is a bone exposed & it some times cuts my tongue when I eat.

(Complaint, at page 3). The plaintiff answers on page 2 of the complaint reveal that he has not filed a grievance relating to his dental claims in the above-captioned case because "Both dentist [sic] said it would crover [sic] itself[.]" (Complaint, at page 2).

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[1] has been conducted in light of the following

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (continued...)

2

precedents: Denton v. Hernandez, 504 U.S. 25, 118 L.Ed.2d 340, 112 S.Ct. 1728, 1992 U.S. LEXIS® 2689 (1992); Neitzke v. Williams, 490 U.S. 319, 324-325, 104 L.Ed.2d 338, 109 S.Ct. 1827, 1989 U.S. LEXIS® 2231 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 1995 U.S.App. LEXIS® 26108 (4th Cir. 1995)(*en banc*), *cert. denied*, 516 U.S. 1177, 134 L.Ed.2d 219, 116 S.Ct. 1273, 1996 U.S. LEXIS® 1844 (1996); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979)(recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978), *cert. denied*, Moffitt v. Loe, 446 U.S. 928 (1980); and Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, Leeke v. Gordon, 439 U.S. 970 (1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). See Hughes v. Rowe, 449 U.S. 5, 9-10 & n. 7 (1980)(*per*

---

(...continued)
(DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]Boyce has been held by some authorities to have been abrogated in part, on other grounds, by Neitzke v. Williams, 490 U.S. 319 (1989)(insofar as Neitzke establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

3

*curiam*); and Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Services, 901 F.2d 387, 1990 U.S.App. LEXIS® 6120 (4th Cir. 1990).

The lead defendant in this case — the Kirkland Correctional Institution — is subject to summary dismissal because it is not a "person" subject to suit pursuant to 42 U.S.C. § 1983. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Kirkland Correctional is not a "person" subject to suit under 42 U.S.C. § 1983. See Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310, 1999 U.S.Dist. LEXIS® 9857 (E.D.Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C.

§ 1983."); and Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301, 1989 U.S.Dist. LEXIS® 12440 (E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Cf. Wright v. El Paso County Jail, 642 F.2d 134, 136 n. 3 (5th Cir. 1981).

As earlier stated, the plaintiff's answers on page 2 of the complaint reveal that he has not filed a grievance relating to his dental claims in the above-captioned case. As a result, this case is subject to summary dismissal. See 42 U.S.C. § 1997e(a), which was enacted as part of the Prison Litigation Reform Act; Porter v. Nussle, 534 U.S. 516, 524, 152 L.E.2d 12, 122 S.Ct. 983, 2002 U.S. LEXIS® 1373 (2002)("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner, 531 U.S. 956, 149 L.Ed.2d 958, 121 S.Ct. 1819, 2001 U.S. LEXIS® 3982 (2001)(unanimous decision: PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action); and Higginbottom v. Carter, 223 F.3d 1259, 2000 U.S.App. LEXIS® 21087 (11th Cir. 2000).

5

Although the lack of exhaustion of administrative remedies is, generally, considered an affirmative defense and not a jurisdictional infirmity in the Fourth Judicial Circuit, if the lack of exhaustion is apparent from the face of the prisoner's complaint or from additional facts requested by the court, *sua sponte* dismissal prior to service of the complaint is appropriate. See Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683, 2005 U.S.App. LEXIS® 8698 (4th Cir. 2005).

In orders filed on May 9, 1996, this court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). *See* the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996).

In order to exhaust the SCDC administrative remedy, an inmate must fill out a Form 10-5 (Step 1 Grievance form) about the matters raised in his grievance and give the form to the Institutional Inmate Grievance Coordinator within fifteen (15) days of the alleged incident of which the inmate complains. The grievance coordinator has **five (5)** days from the time the grievance is presented by the inmate to put it into SCDC's automated system. Once the grievance is properly entered into the SCDC automated system, the Warden

should then respond to the Step 1 grievance in writing within **forty (40)** days. If the inmate is not satisfied with the Warden's response, then, within **five (5)** days, he or she must file an appeal of the Step 1 grievance response by filing a Form 10-5a (Step 2 Appeal) to the Responsible Official with the Inmate Grievance Coordinator. A responsible SCDC official will then have **sixty (60)** days to respond to the Step 2 grievance. The decision of the "responsible official" who answers Step 2 is the Department's final response in the matter. See also Woodford v. Ngo, 165 L.Ed.2d 368, 126 S.Ct. 2378, 2006 U.S. LEXIS® 4891 (2006)(PLRA requires "proper exhaustion" of administrative remedies). Hence, the plaintiff must file a grievance relating to his dental claims and exhaust the SCDC grievance procedure before his dental claims can be considered by this federal district court.

# Recommendation

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. *,

1993 U.S.App. LEXIS® 17715 (4th Cir. 1993), *replacing* unpublished opinion originally tabled at 993 F.2d 1535 (4th Cir. 1993); <u>Boyce v. Alizaduh</u>, supra; <u>Todd v. Baskerville</u>, supra, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B)[essentially a redesignation of "old" 1915(d)]; and 28 U.S.C. § 1915A[as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal].[3] The plaintiff's attention is directed to the Notice on the next page.

Respectfully submitted,

*[signature]*

September 15, 2006
Charleston, South Carolina

George C. Kosko
United States Magistrate Judge

---

[3] In light of the recent decision of the United States Court of Appeals for the Fourth Circuit in <u>Green v. Young</u>, 454 F.3d 405, 2006 U.S. App. LEXIS® 18685 (4th Cir. 2006)(dismissal under PLRA for failure to exhaust administrative remedies does not count as a "strike" for purposes of the "three strikes" rule), imposition is a "strike" is not appropriate in the above-captioned case.

8

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The plaintiff is hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period for filing objections, **but not thereafter**, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. *** This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

Accord Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only "I object" preserves no issue for review. *** A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 6 n. 1 (3rd Cir. 1984)(*per curiam*)("plaintiff's objections lacked the specificity necessary to trigger *de novo* review"). **This notice, hereby, apprises the plaintiff of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835,
Charleston, South Carolina 29402

9